JORGE LUIS ACEVEDO AMBROSIANI, BLANCA GIERBOLINI y la SOCIEDAD LEGAL DE GANANCIALES que entre ellos tienen contraída, demandantes y peticionarios, v. PLAZA LAS AMÉRICAS, INC., JOHN DOE del 1 al 100, demandados y recurridos.

Número: O-78-208          Resuelto: 31 de enero de 1979

*Rechani & Segal,* abogados de los peticionarios; *López-Lay & Vizcarra,* abogados de Plaza Las Américas, Inc., *Franquie Jiménez Santoni,* abogado del Comisionado de Seguros, *Cancio, Nadal & Rivera* y *Ana Matilde Nin Torregrosa,* abogados de Asociación de Garantía de Seguros de Clases excepto Vida, Incapacidad y Salud de Puerto Rico.

PER CURIAM: Los demandantes instaron acción de daños contra Plaza Las Américas, Inc. y "John Doe del 1 al 100" en 30 de junio de 1977. Luego de varios incidentes habidos sin que la demandada Plaza Las Américas, Inc., hubiese contestado la demanda compareció el Comisionado de Seguros de Puerto Rico por la Commonwealth Insurance Company, mediante moción informativa solicitando la paralización de los procedimientos bajo las disposiciones del Art. 40.010 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 4001, por hallarse la referida compañía de seguros en estado de insolvencia económica. En dicha moción no se estableció conexión alguna entre Plaza Las Américas, Inc. y Commonwealth Insurance Company. A requerimiento del tribunal de instancia se informó posteriormente que Commonwealth era la aseguradora de Plaza Las Américas, Inc. A esta moción informativa ripostaron los demandantes que la aludida Commonwealth Insurance Company ni el Comisionado de Seguros

eran partes en este caso y por tanto solicitaban que se declarase sin lugar la moción informativa del Comisionado. El tribunal declaró con lugar dicha moción informativa, lo que equivale a haber accedido a la paralización de los procedimientos. De esa determinación recurren los demandantes ante este Tribunal. Surge del propio recurso que fueron notificados con copia del mismo el Lcdo. Víctor M. Caparrós Cabrera, abogado del Comisionado de Seguros y la Commonwealth Insurance Company.

Dictamos orden dirigida a la demandada Plaza Las Américas, Inc., para que mostrara causa por la que no debía expedirse el auto solicitado por los demandantes y en su consecuencia ordenar al tribunal de instancia que concediera a dicha demandada un término perentorio para contestar la demanda con apercibimiento de las sanciones que fueren menester, ello en vista de que no le era de aplicación la paralización de los procedimientos relativos a la liquidación de la compañía aseguradora.

Compareció la demandada Plaza Las Américas, Inc., allanándose a que se expidiera el auto solicitado y se ordenaran los trámites procesales en el tribunal de instancia.

Estando a punto de dictarse esta opinión recibimos una comparecencia de la Asociación de Garantía de Seguros en la que expone que la reclamación objeto de este pleito no está cubierta bajo el contrato de póliza #50-301549 suscrito entre Commonwealth y Plaza Las Américas, Inc., por no extenderse la cubierta al área de estacionamiento donde ocurrió el robo del vehículo que motiva la reclamación de los demandantes, razón por la cual la referida Asociación no puede asumir la representación legal de Plaza Las Américas, Inc.

Luego compareció nuevamente Plaza Las Américas, Inc., aceptando las anteriores alegaciones de la ·Asociación de Garantía de Seguros al efecto de que el contrato de seguros aludido no cubre el accidente objeto de este pleito, y reitera

su solicitud de que se continúen los trámites del caso sin la intervención de la referida Asociación.

Aunque la Asociación de Garantía de Seguros ha manifestado no tener interés en intervenir en los procedimientos y Plaza Las Américas, Inc., expresa que no existe póliza de seguro alguna expedida por Commonwealth Insurance Company sobre el riesgo objeto de la reclamación, creemos conveniente hacer una expresión sobre la naturaleza del procedimiento seguido por el Comisionado de Seguros en relación con la alegada insolvencia de la aseguradora Commonwealth Insurance Company. Nuestra expresión se debe a los múltiples casos contra asegurados bajo contratos de seguros que están paralizados ante los tribunales de instancia por razón de la insolvencia de las compañías aseguradoras.

■ Cuando un asegurador insolvente es parte interesada o esté obligado a representar a una parte en un tribunal de jurisdicción competente, el Código de Seguros establece que se suspenderán temporeramente los procedimientos judiciales durante 60 días, a partir de la fecha en que se determinó la insolvencia del asegurador, para permitir a la Asociación de Garantía de Seguros, entidad creada por el mismo Código, una adecuada defensa de todas las causas pendientes de acción. Art. 38.180, 26 L.P.R.A. sec. 3818.

■ La declaración de insolvencia a que se refiere la disposición legal precedente no se efectuará hasta que hubiere sido el asegurador notificado y se celebre vista al efecto. Art. 40.190, 26 L.P.R.A. sec. 4019. Luego de tal declaración de insolvencia el Comisionado de Seguros notificará a todas las personas que tengan reclamaciones contra dicho asegurador, que no hayan presentado las debidas pruebas al efecto, para que le presenten dichas reclamaciones, todo ello en la forma en que dispuso el Código. *Id.*

Del expediente de este caso surge que el Comisionado de Seguros obtuvo del Tribunal Superior, Sala de San Juan,

una orden preliminar o temporera en el Procedimiento de Cobro (Liquidación) contra The Commonwealth Insurance Company, amparándose en una petición jurada acreditando que dicha compañía de seguros está insolvente, cuya orden designa al Comisionado como administrador y liquidador de la mencionada compañía aseguradora, con todas las facultades que le conceden los Arts. 40.010 a 40.240 del Código de Seguros, 26 L.P.R.A. secs. 4001 a 4024, autorizándole a incautarse de todos los bienes de dicha aseguradora; prohibiéndole temporeramente a toda persona instituir procedimientos judiciales o administrativos contra el Comisionado, excepto con la autorización del tribunal y con notificación al Comisionado, y ordenando al Comisionado a notificar a la Asociación de Garantía de Seguros sobre la insolvencia de la aseguradora en cuestión y a proceder conforme a las disposiciones de los Arts. 38.010 a 38.180 del Código de Seguros, 26 L.P.R.A. secs. 3801 a 3818, respecto a las reclamaciones cubiertas por la aseguradora *de hacerse permanente por el tribunal la Orden Preliminar o Temporera de Liquidación.*

No se nos ha informado de que el tribunal de instancia haya hecho la declaración de insolvencia que requiere la ley. Solamente contamos con una copia de la moción informativa presentada ante el tribunal recurrido por el Comisionado de Seguros con fecha 26 de abril de 1978 en la que se informa que la aseguradora compareció en 16 de diciembre de 1977, ante el Tribunal Superior a mostrar causa por la cual dicha Orden Preliminar o Temporera no debía convertirse en permanente en todos sus aspectos, y que dicha mostración de causa estaba aún pendiente ante la consideración del tribunal. En ella se informaba además que de convertirse la Orden Preliminar en una de carácter permanente correspondería la representación legal en estos casos a la Asociación de Garantía de Seguros. Y, se solicitaba de dicho tribunal que, hasta tanto se determinara la permanencia de la Orden, se paralizaran los procedimientos en este caso.

■ Los procedimientos judiciales solamente pueden ser paralizados al amparo de las disposiciones ya mencionadas del Código de Seguros una vez el tribunal de instancia haya hecho la determinación de insolvencia de una aseguradora, y en todo caso solamente durante 60 días a partir de la fecha de la insolvencia así declarada para permitir a la Asociación de Garantía de Seguros una adecuada defensa de las causas de acción pendientes contra la aseguradora insolvente. Art. 38.180, 26 L.P.R.A. sec. 3818.

No habiéndose determinado judicialmente la insolvencia de la aseguradora Commonwealth Insurance Company no procedía la paralización de los procedimientos en este caso. En su consecuencia los trámites judiciales debieron haber continuado contra Plaza Las Américas, Inc., sin perjuicio de que la Asociación de Garantía de Seguros pudiera oportunamente intervenir conforme lo dispone el Código de Seguros.

*Por las consideraciones expresadas precedentemente se expedirá el auto y se dejará sin efecto la resolución dictada por el Tribunal Superior, Sala de San Juan, que declaró con lugar la paralización de los procedimientos, y se continuarán éstos contra Plaza Las Américas, Inc.*